IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES BRAND,** *et al.*,

    **Plaintiffs,**

                              Case No. 2:17-cv-34
                              Judge James L. Graham
    v.                            Magistrate Judge Elizabeth P. Deavers

**RELIANT BANK,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion to Transfer Venue to the Middle District of Tennessee (ECF No. 23), Plaintiffs' Memorandum in Opposition (ECF No. 31), and Defendants' Reply (ECF No. 41). For the reasons that follow, Defendants' Motion to Transfer is **GRANTED**. (ECF No. 23.)

### I.

Plaintiffs, James Brand and Crystal Davis,[1] residents of Irving, Texas, assert various claims arising from their interactions with Defendant Reliant, which later merged with Defendant Commerce Union. (Complaint, ECF No. 1, ¶¶ 7–10 ("Compl.").) According to Plaintiffs, Commerce Union became the successor in interest to Reliant and is "fully liable for all acts and omissions alleged herein committed by Reliant, its predecessor in interest" and that Reliant and Commerce Union are a single entity. (*Id*. at ¶¶ 10–13.) Following the filing of this

---

[1] The Complaint's caption identifies "Crystal Brand" as a Plaintiff, but the body of the Complaint refers to Plaintiff "Crystal Davis." (Complaint, ECF No. 1, introductory paragraph, ¶¶ 7, 16 ("Compl.").) The Court will therefore refer to this party as Crystal Davis.

action, the parties stipulated to, and the Court ordered, that "Reliant Bank" be substituted as a Defendant in place of Reliant and that "Commerce Union Bank" be substituted as a Defendant in place of Commerce Union. (ECF No. 16.) Reliant Bank is a state-chartered Tennessee banking corporation formed on April 17, 2006, and it merged with and into Commerce Union Bank on March 31, 2015. (Exhibit A to Motion to Transfer, ECF No. 23, PAGEID ## 146–75.) "[T]he surviving entity [resulting from these transactions] is now known as Reliant Bank." (ECF No. 16.)

According to the Complaint, in or around October 2014, Defendants solicited Plaintiff James Brand to purchase a property located in Dallas, Texas. (Compl. at ¶ 16.)[2] Defendants, through Ms. Vance, recommended a Fair Housing Administration ("FHA") residential mortgage loan for Plaintiffs. (*Id*. at ¶¶ 2, 16.) Defendants, through their agents Ms. Vance and Sam Preis, also made "written and verbal representations" to Plaintiffs that the FHA program would result in funding of the loan once certain conditions were met and Defendants issued a preapproval offer. (*Id*.) Plaintiffs allege that Defendants assured them that funding would be complete once the property appraisal met lender guidelines, a clear title was obtained, a purchase contract copy was provided with earnest money, and credit and income information remained the same. (*Id*. at ¶¶ 16–17.) Plaintiffs submitted the personal and financial information requested by Defendants, but Plaintiffs experienced delays and Defendants later required that Plaintiffs meet additional conditions. (*Id*. at ¶¶ 18–20.) During this time, Plaintiffs allege that they gave up an opportunity with a competing lender to close the loan; that Ms. Vance assured Plaintiffs on "multiple occasions" that the loan was approved but that a new condition may need to be met; and that

---

[2] In their Opposition, Plaintiffs identified Tammy Vance as Defendants' agent who contacted them. (Opposition at 2.)

Plaintiffs and prospective sellers had to delay closing dates, causing Plaintiffs to incur additional expenses. (*Id*.)

On January 12, 2015, after the closing date lapsed, Mr. Preis asked Plaintiff Brand to restart the loan process with an alternative loan program. (*Id*. at ¶ 21.) Plaintiffs allege that Defendants ultimately issued a rejection letter inconsistent with its preapproval offer. (*Id*.)

Plaintiffs assert claims of breach of contract/breach of duty of good faith and fair dealing; promissory estoppel; inducing breach of the mortgage contract; breach of fiduciary duty; breach of Ohio's Mortgage Broker's Act, O.R.C. § 1322.01, *et seq*.; fraud; and violation of Ohio's Consumer Sales Practices Act, O.R.C. § 1345.01, *et seq.* (*Id*. at ¶¶ 23–61.)

Defendants now move to transfer venue to the Middle District of Tennessee, which Plaintiffs oppose. With the filing of Defendants' Reply, this matter is now ripe for resolution.

## II.

Defendants move to transfer venue pursuant to 28 U.S.C. § 1404(a). Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The threshold issue under § 1404(a) is whether the action could be brought in the transferee court. *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). If a case could be brought in the court "the issue becomes whether transfer is justified under the balance of the language of § 1404(a)." *Id.* In balancing convenience, the Court must consider a number of factors such as "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929

3

F.2d 1131, 1137 (6th Cir. 1991)). Relevant factors to consider include all of the following: the practical problem of trying the case most expeditiously and inexpensively; the interests of justice; the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; the enforceability of the judgment; and the local interest in deciding local controversies at home. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *Slate Rock Constr., Co. v. Admiral Ins. Co.*, No. 2:10-CV-1031, 2011 WL 3841691 at *6 (S.D. Ohio Aug. 30, 2011) (quoting *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 879-80 (3d Cir. 1995)).

The moving party bears the burden to establish a need for transfer. *Kay*, 494 F. Supp. 2d at 849–50 (citing *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002)). Transfer pursuant to Section 1404 must be "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964); *see also Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 292 (S.D. Ohio 2008) ("[Section] 1404 does not allow . . . for transfer if that transfer would only shift the inconvenience from one party to another.").

Even where venue is proper, a district court may exercise its broad discretion to transfer a civil action to a more convenient forum pursuant to § 1404(a). *See Reese*, 574 F.3d at 320 (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). "Ultimately . . . the decision whether to transfer venue under § 1404(a) is committed to the sound discretion of the trial court." *Levy v. Cain, Watters & Assocs.*, P.L.L.C., No. 2:09-cv-723, 2010 WL 271300 at *9 (S.D. Ohio Jan. 15, 2010); *Reese*, 574 F.3d at 320 ("[a]s the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate."). Section 1404(a) promotes "an

individualized case by case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation omitted).

### III.

The parties advance multiple competing interests and concerns regarding the potential transfer of this case. Defendants do not suggest that venue in this Court is improper. Instead, they argue that this Court is not the most convenient forum for resolution of this matter. As set forth below, the Court finds that Defendants have satisfied their burden of showing that the Middle District of Tennessee is the more appropriate forum. *See Kay*, 494 F. Supp. 2d at 849 ("Even in cases where venue is proper, a court may entertain a motion to transfer if there exists a better forum for the resolution of the dispute between the parties.") (quoting *SKY Tech. Partners v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 290–91 (S.D. Ohio 2000) (internal quotation marks omitted)).

**A.    Private Interests are Best Served by Transfer**

    **1.    Plaintiffs' choice of forum is a neutral factor.**

Although Plaintiffs have chosen to bring suit in the Southern District of Ohio, a plaintiff's preference is not dispositive. *Commerzbank AG v. U.S. Bank N.A.*, No. 1:15-cv-818, 2016 WL 3255071 at *2 (S.D. Ohio June 14, 2016) (granting motion to transfer venue). "Where 'the plaintiff chooses a forum that is not his residence, this choice is given less consideration.'" *Pacific Life Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 1:15-cv-416, 2016 WL 223683, at *5 (S.D. Ohio Jan. 19, 2016) (quoting *Kay*, 494 F. Supp. 2d at 850). Similarly, "'[w]hen the cause of action has little connection with the chosen forum, the plaintiff's choice of forum is to be given less weight than such choice would be given otherwise.'" *DRFP, LLC v. Republica Bolivariana*

*de Venezuela*, 945 F.Supp.2d 890, 902–03 (S.D. Ohio 2013) (quoting *Armco, Inc. v. Reliance Nat'l Ins. Co.*, No. C-1-96-1149, 1997 WL 311474, at *3 (S.D. Ohio Mar. 30, 1997)).

In the case presently before the Court, Plaintiffs are residents of Texas and the real property underlying this action is located in Texas. (Compl. at ¶¶ 7, 16.) In addition, the Court is not persuaded that this action has more than a little connection to Ohio. For instance, Plaintiffs argue that this case has ties to Ohio because Ms. Vance purportedly contacted them from Ohio, weighing against transfer. (Opposition at 2, 5, 7). However, Reliant Bank is a state-chartered Tennessee bank with its headquarters located in Brentwood, Tennessee. (Compl. at ¶¶ 8–9; Declaration of Alan L. Mims, ECF No. 23, PAGEID ## 177–79, ¶¶ 1 ("Mims Declaration").)[3] While Reliant Mortgage once operated a branch office located in Reynoldsburg, Ohio, that branch is now closed and Reliant Mortgage no longer employs the mortgage loan officers who once worked there. (Mims Declaration, ¶ 5.) Defendants do not currently operate any branches or offices in the state of Ohio. (*Id*.) Moreover, Plaintiffs' claims arise from Defendants' underwriting and loan processing activities. (Compl. at ¶¶ 16–21.) Defendants have proffered uncontroverted evidence that "[a]ll relevant underwriting activities and decisions are and have been made in Franklin, Tennessee[.]" (Mims Declaration, ¶ 5.) Loan processing activities related to the mortgage operation were handled in Reliant Mortgage offices located in Louisville, Kentucky and Schaumburg, Illinois, which are now closed. (*Id*.) In short, this evidence "negates the deference ordinarily given to a plaintiff's choice of venue." *Kay*, 494 F. Supp. 2d at 852.

---

[3] Alan Mims is the current Executive Vice President, Chief Risk Officer at Reliant Bank, which is the governing member of non-party Reliant Mortgage Ventures, LLC ("Reliant Mortgage). (*Id*. at ¶ 1.) In that role, Mr. Mims if familiar with and personally involved with Reliant Bank's operations and non-party Reliant Mortgage operations. (*Id*.)

### 2. The convenience of parties favors transfer.

As set forth above, Defendants no longer operate any branches or offices in Ohio. (Mims Declaration, ¶ 5.) Mr. Mims avers that neither he nor four potential witnesses for Defendants have "any consistent business need to travel to Ohio" and, to the extent that this litigation would require them to do so, such travel for "key employees" "would likely impose substantial cost and disruption" to Reliant Bank's business operations and personal schedules of such witnesses. (*Id.* at ¶¶ 5–6.)

Plaintiffs are Texas residents and therefore must travel whether this action remains in Ohio or is transferred to Tennessee. Plaintiffs, however, contend that they would be more inconvenienced if this case is transferred to Tennessee:

> Although Plaintiffs are located in Texas, and would be forced to travel in either venue, they would suffer greater inconvenience if they had to retain additional counsel in Tennessee. The docket reflects that Plaintiffs have already retained two attorneys in this district already. At this stage, it is unnecessary for Plaintiffs have to retain additional counsel based on the court's most recent pro hac vice order. But if this case were transferred, that would change as Plaintiffs would suffer additional expense and costs in order to retain local counsel again. Furthermore, there is no counsel who has even appeared from Tennessee in this matter.

(Opposition at 6.)

Plaintiffs' argument is not well taken. "[T]he convenience and availability of counsel are given little weight in a change of venue motion." *Tri-Con, Inc. v. Volvo Trucks N. Am.*, No. 5:05-cv-184, 2006 WL 1752411, at *4 (W.D. Mich. June 23, 2006).

The Court therefore finds that the convenience of the parties favors transfer.

### 2. The convenience of witnesses favors transfer.

Defendants have identified four witnesses, management level employees of Reliant Bank, who are located in Franklin, Tennessee or Brentwood, Tennessee and who are likely to have knowledge of the matters in this case. (Mims Declaration at ¶ 3.) Plaintiffs challenge the

materiality of these individuals' expected testimony and complain that Defendants "avoided describing the specific roles or number of potential witnesses in the respective states involved in Plaintiffs' actual transaction." (Opposition at 5–6.) Defendants, however, explained that relevant underwriting decisions were and still are made in Tennessee and further detailed that the four individuals have knowledge of personnel matters, overall mortgage-operations matters, and operations and regulatory compliance efforts. (Mims Declaration at ¶¶ 3, 5.) As discussed above, Defendants have also described how traveling to Ohio would be inconvenient for these employees. (*Id*. at ¶¶ 5–6.) This evidence satisfies the Court that these individuals who are located in Tennessee likely have knowledge material to the issues in this case and that Tennessee is the more convenient venue for them.

While Defendants concede that loan processing activities related to the mortgage operation were handled in Louisville, Kentucky and Schaumburg, Illinois (Mims Declaration at ¶ 5), Plaintiff has not identified a single witness who resides in Kentucky, Illinois, or Ohio. Plaintiffs speculate that Ms. Vance and Mr. Preis are "less likely to be available in a Tennessee venue" because they are based in Ohio and Illinois, respectively, and are not employed by Defendants. (Opposition at 2, 5, 7.) However, Plaintiffs do not offer any evidence to support their assertion that Ms. Vance resides in Ohio and that Mr. Preis resides in Illinois. Moreover, Defendants have averred that the branch offices in Ohio, Kentucky, and Illinois have all closed and that Reliant Bank maintains no employees there. (Mims Declaration at ¶ 5.) Under these circumstances, where there is no evidence that Ohio is a more convenient venue for witnesses than Tennessee, this factor favors transfer. *See Fed. Deposit Ins. Corp. v. Paragon Mortg. Servs., Inc.*, No. 1:15 CV 2485, 2016 WL 2646740, at *5 (N.D. Ohio May 10, 2016) (finding that convenience of the witnesses favored transfer where the plaintiff failed to establish that the

Northern District of Ohio is convenient or that the District of Colorado is inconvenient for the witnesses); *see also Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 941 (E.D. Mich. 2001) ("Because Plaintiff has not adequately supported the existence of material fact witnesses that would have to travel, and Defendant has, however, the Court concludes that this factor weighs in favor of transfer.").

        3.      **The location of records is a neutral factor**.

Defendants argue that because documents relevant to the issues in this matter are located at the Reliant Bank Operations Center in Franklin, Tennessee, transfer to the Middle District of Tennessee is appropriate. (Mims Declaration at ¶ 4; Motion at 8.) Plaintiffs contend, however, that Defendants have not shown that the records located in Tennessee cannot be easily transferred to Ohio. (Opposition at 7.) The Court finds that it is pure speculation at this point to opine on the difficulty of moving these records or to state whether or in what proportion production in this matter may be conducted electronically. As this Court has noted, however, "it's not too burdensome to transfer records electronically. Indeed, without identifying some documentary evidence that . . . is too bulky or difficult to transport, this factor matters little." *Staggert v. Team Oil Tools LP*, No. 2:16-cv-822, 2017 WL 2189558 at *5 (S.D. Ohio May 18, 2017). The Court finds, therefore, that the location of records is a neutral factor in this matter.

Accordingly, for the reasons explained above, the Court finds that the private interests are best served by transfer to the Middle District of Tennessee.

**B.**      **Public Interests Slightly Favor Transfer.**

Plaintiffs point out that Defendants failed to contend that the judicial caseload favors transfer and that Defendants do not contest that both Ohio and Tennessee can enforce the judgment. (Opposition at 8.) Plaintiffs also argue that Ohio is better suited to resolve their

claims arising under Ohio law. (*Id.*)  However, the Court is not persuaded that Plaintiffs' claims arising under Ohio law, including claims under Ohio's Mortgage Broker's Act and Ohio's Consumer Sales Practices Act, are a reason to deny the request to transfer.  *See Cincinnati Ins. Co. v. O'Leary Paint Co., Inc*., 676 F. Supp. 2d 623, 638 (W.D. Mich. 2009) ("Moreover, in the absence of any legal issues which seem complex, the necessity for either court to apply another State's law would not be a weighty factor anyway."); *cf. Kendle v. Whig Enter*, LLC, No. 2:15-cv-1295, 2016 WL 354876, at *9 (S.D. Ohio Jan. 29, 2016) ("Where an action 'does not appear to present any novel or complex' or 'unique' issues under state law, this Court has previously determined that one court's familiarity with the applicable law, standing alone, should not 'strongly militate' in favor of transfer.") (citations omitted).

Moreover, as set forth above, the Court agrees with Defendants that Tennessee has a greater interest than Ohio in deciding this matter because Plaintiffs' claims arise from Defendants' underwriting and loan processing activities, the former of which occurred in Tennessee.  (Compl. at ¶¶ 16–21; Mims Declaration at ¶ 5.)  Reliant Bank is a Tennessee state-chartered bank.  While Reliant Mortgage once operated a branch office located in Reynoldsburg, Ohio, that apparently contacted Plaintiffs, that branch is now closed, Reliant Mortgage no longer employs the mortgage loan officers who once worked there, and no evidence suggests that Ms. Vance still resides in Ohio.  (Mims Declaration at ¶ 5.)  For these reasons, the Court finds that Tennessee has a greater public interest in this matter and therefore the public interests slightly favor transfer to the Middle District of Tennessee.

## IV.

In sum, the Court concludes that the balance of interests weighs in favor of transfer and that this Court's discretion is best exercised in transferring this action.  *See Reese*, 574 F.3d at

320. Accordingly, Defendants' Motion to Transfer Venue to the Middle District of Tennessee (ECF No. 23) is hereby **GRANTED**. The Clerk is **DIRECTED** to transfer this case to the Middle District of Tennessee.

**IT IS SO ORDERED.**

Date: December 5, 2017         /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE